**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4378**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

RANDAL ANTOINE,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:09-cr-00827-CMC-1)

Submitted:  February 25, 2011        Decided:  March 18, 2011

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant.   Robert Frank Daley, Jr., Assistant
United States Attorney, Columbia, South Carolina; Nathan S.
Williams, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randal Antoine appeals his conviction and ninety-six-month sentence imposed by the district court following a guilty plea to wire fraud, in violation of 18 U.S.C. § 1343 (2006), and falsely representing a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) (2006). Antoine's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious issues for appeal, but questioning whether Antoine's guilty plea was valid and whether the sentence imposed was unreasonable. Antoine was advised of his right to file a pro se supplemental brief but did not file one. We affirm.

Because Antoine did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Antoine] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Our review of the record leads us to conclude that the district court substantially complied with Rule 11 and that Antoine's guilty plea was knowing and voluntary.

We also conclude that Antoine's sentence is both procedurally and substantively reasonable. We review a sentence

2

for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range'" or "'failing to consider the § 3553(a) factors.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). A sentence within the guidelines range is accorded an appellate presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-56 (2007). We have reviewed the record and conclude that Antoine's within-guidelines sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Antoine in writing of his right to petition the Supreme Court of the United States for further review. If Antoine requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation. Counsel's motion must state that a copy thereof was served on Antoine. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED